■ WARREN E. BIGGS et al., Plaintiffs, and ARNOLD M. JOSEPHSON et al., Appellants, v TOWN OF HUNTINGTON et al., Respondents.—In an action (in which the appeal was transferred to this court by the Court of Appeals [*Biggs v Town of Huntington,* 35 NY2d 904]) *inter alia* to declare that a certain zoning resolution is void and of no effect and to permanently enjoin the establishment of a planned shopping center district and a retirement community district, the appeal, as limited by appellants' brief, is from so much of a judgment of the Supreme Court, Suffolk County, dated April 16, 1974, as (1) declared, *inter alia,* that the zoning resolution, insofar as it established a retirement community district, is valid and constitutional and (2) dismissed the complaint. Judgment modified, on the law, by deleting the last decretal paragraph thereof. As so modified, judgment affirmed, insofar as appealed from, with one bill of costs to respondents filing separate briefs, against appellants. The validity and constitutionality of the zoning classification here at issue is confirmed by the determination in *Maldini v Ambro* (36 NY2d 481). The propriety of the rezoning which furthers that zoning classification has sufficiently been established, as found by Special Term. In view of the declaratory adjudications in respondents' favor, the dismissal of the complaint was an unnecessary and technically incorrect adjudication. The deletion of that decretal paragraph has, accordingly, been ordered (*Cohen v Hockfeld,* 36 AD2d 630). Gulotta, P. J., Rabin, Martuscello, Latham and Shapiro, JJ., concur.

■ ROBERT BLACK, Appellant, v DOUGLASTON GOLF PRACTICE RANGE, Inc., Respondent, et al., Defendants.—In an action to recover upon a loan, the appeal is from so much of an order of the Supreme Court, Nassau County, dated October 3, 1974, as, in awarding partial summary judgment, limited the amount of the award. Order affirmed insofar as appealed from, without costs. The nature of the financial transactions involved was not established with sufficient certainty to sustain summary judgment as to the balance of the claim. Gulotta, P. J., Rabin, Martuscello and Latham, JJ., concur; Shapiro, J., dissents and votes to reverse the order insofar as it is appealed from and to grant summary judgment to plaintiff with the following memorandum: I believe that summary judgment should have been granted as to the balance of the claim. The corporation's own books establish the debt and it was carried forward in the books after the plaintiff was out and the individual defendants were in. These entries were not contradicted in any way.